[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action on a note. The note was executed by the defendant son-in-law and daughter of the plaintiff payable to the order of the plaintiff five (5) years from the date thereof or sooner if property at 446 Ocean Avenue, West Haven, is sold, on demand. (Exhibit B)
The note was part paid consideration for the sale of plaintiff's dwelling at 446 Ocean Avenue, West Haven, to the defendant and his wife. The parties had agreed that plaintiff would accept the net proceeds of a $100,000 mortgage plus a note for $15,000 as the purchase price of the dwelling. The transfer of title took place on March 1, 1990 in the office of defendant's attorney. The defendant and his wife executed the note during the closing.
The defendant and his wife were unable to make a down deposit on the house which was necessary before the bank would agreed to grant the $100,000 mortgage. Plaintiff facilitated the grant of the mortgage by providing a gift letter to the defendant and his wife in the amount of $30,000. (Exhibit B) In addition, the plaintiff permitted the bank to charge $5,514.54 of the total settlement charges against the proceeds of the mortgage. This enabled the defendant and his wife to get a buy down mortgage, i.e., a lower rate, which was necessary for them to meet the banks requirements.
The plaintiff transferred title to defendant and his wife. The couple took possession intending to refinance the mortgage and pay off the note. No payments were made on the note. The property at 446 Ocean Avenue was lost in a foreclosure action. Subsequently defendant went bankrupt and left the marriage. A divorce action is now pending. The plaintiff brought this action against defendant only choosing not to sue her daughter, the co-maker. In his bankruptcy petition defendant did not designate the plaintiff as a creditor. CT Page 322
Defendant denied each allegation of the complaint and filed three special defenses, one of which was withdrawn at the hearing. The first special defense alleges there was no consideration for the note. The second special defense alleges that the $15,000 was a gift.
The court finds that the plaintiff has sustained her burden of proof on the complaint and the defendant has failed to carry his burden on the special defenses. The note does not provide for interest or attorney's fees.
Judgment may enter for the plaintiff in the amount of $15,000 plus costs.
Dorsey, J. Judge Trial Referee